UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------x

CHRISTINE NORTHROP,

        Plaintiff

                                   **COMPLAINT**

        -against-

HALSTED FINANCIAL SERVICES, LLC,

        Defendant

-----------------------------------------------------------x

## **PRELIMINARY STATEMENT**

1. The Plaintiff  CHRISTINE NORTHROP (hereinafter "Plaintiff") brings this action based Upon improper and violative debt collection practices which are expressly prohibited by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Based upon the violations of the law committed by the Defendant, as set forth and alleged herein, the Plaintiff is entitled to statutory damages, actual damages, attorneys fees, and costs.

## **PARTIES**

3. The Plaintiff is a natural person.

4. At all times relevant to this Complaint, the Plaintiff resided in Branford, Connecticut.

5. The Defendant Halsted Financial Services, LLC (HFS) is a corporation existing under the laws of the state of Illinois and maintains a principal place of business located at 8001 N. Lincoln Avenue, Suite 500, Skokie, Illinois.

6.  The Defendant HFS is registered as a Collection Agency with the Connecticut Secretary of State.

7.  The Defendant HFS collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and internet.

8.  The Defendant HFS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION & VENUE

9.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district, and because the Defendant is subject to personal jurisdiction in the State of Connecticut at the time this action was commenced.

## FACTS CONCERNING THE PLAINTIFF

11. The Plaintiff repeats and reiterates each preceding paragraph as if same is stated at length herein.

12. During the time period within one year of the filing of this Complaint, the Plaintiff received multiple telephone calls and text messages initiated by persons employed by the Defendant HFS. A copy of one text message, placed by HFS on or about September 23, 2020, is attached herewith as Exhibit "1".

13.  The Plaintiff has no idea why she is being contacted by HFS as she is unaware of any debt for which HFS may be communicating.

14. The Plaintiff has never owned and/or operate any business entity thus the debt(s) alleged to be owed by the Plaintiff is a personal debt as contemplated by the FDCPA.

15. When the Plaintiff spoke with persons employed by the Defendant HFS in the attempt to learn the nature of the communications with her, she was asked to provide her date of birth and her social security number. Obviously, no reasonable person would provide her date of birth and social security number to an unknown alleged collection agency.

16. Having been unsuccessful in her attempts to learn of the nature of the alleged debt(s) which the Defendant is allegedly attempting to collect, the Plaintiff advised persons associated with the Defendant HFS to stop communicating with her.

17. Despite the fact that the Plaintiff directed persons employed by the Defendant HFS to stop communicating with her, the communications continued until the Plaintiff was forced to retain the undersigned attorney.

18. As a result of the Defendant's improper actions as alleged heretofore herein, the Plaintiff suffered actual damages including anxiety, stress and worry.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. The Defendant violated the Fair Debt Collection Practices Act (FDCPA. The Defendant's violated the FDCPA as follows:

20. The Defendant violated 15 U.S.C. § 1692e by engaging in false, deceptive and misleading debt collection tactics.

21. The Defendant violated 15 U.S.C. § 1692f by engaging in unfair debt collection practices.

22. The Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect a debt(s) not expressly authorized by any agreement or permitted by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor as set forth below:

(i)     The maximum statutory damages as are allowed pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(ii)    Actual damages in an amount to be determined at the time of trial pursuant to 15 U.S.C. § 1692k(a)(1).

(iii)   Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3).

(iv)    For such other and further relief as may be just and proper.

**JURY DEMAND**

Plaintiff demands that this action be tried before a Jury.

DATED: New York, New York
              November 8, 2020

                                                    ROBERT L. ARLEO, ESQ. P.C.

                                        By: */ s / Robert L. Arleo*
                                              ROBERT L. ARLEO
                                              380 Lexington Avenue, 17th Fl.
                                              New York, New York 10168
                                              PHONE (212) 551-1115
                                              FAX: (518) 751-1801
                                              Email: robertarleo@gmail.com
                                              Attorney for the Plaintiff
                                              Admitted to practice in the United
                                              States District Court, District of
                                              Connecticut